# Supreme Court of Florida

_____

No. SC16-553

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE AND FLORIDA RULE OF APPELLATE PROCEDURE 9.146.**

[March 23, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure and the Florida Rules of Appellate Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

In J.B. v. Florida Department of Children and Families, 170 So. 3d 780, 794-95 (Fla. 2015), this Court provided interim procedures to be followed in bringing claims of ineffective assistance of counsel following the termination of parental rights. In October 2015, the Chief Justice appointed the Select Committee on Claims of Ineffective Assistance of Counsel in Termination of Parental Rights Proceedings (Select Committee) and directed it to work with the Appellate Court Rules Committee (ACRC), and the Juvenile Court Rules Committee (JCRC) to

create the permanent process for raising such claims and develop proposed rules for adoption by the Court. The Select Committee included four JCRC members and six ACRC members. The Select Committee had members from the Florida Department of Children and Families; Office of the Attorney General; Legal Needs of Children Committee; Guardian Ad Litem; Florida Children First; Criminal Conflict and Civil Regional Counsel; as well as private criminal and civil practitioners. Based on the decision in J.B., the Select Committee drafted rules, which a majority of that committee favor, that are narrowly tailored to provide an ineffective assistance of court-appointed counsel claim for indigent parents in termination of parental rights cases. The JCRC, by a vote of 17-4-3, favored broader rules that would apply to all counsel for all parents in such cases. The ACRC unanimously adopted the Select Committee's proposed amendments to Florida Rule of Appellate Procedure 9.146. But, twenty-four ACRC members would support the broader rules favored by the JCRC.

The Select Committee, the ACRC, and the JCRC have now filed their joint report offering two sets of rules for raising claims of ineffective assistance of counsel in termination of parental rights proceedings. The first set is narrow in scope (narrow version) and applies only to court-appointed counsel for indigent parents. The second set of rules is broader in scope (broad version) and applies to all counsel for all parents. The narrow version is favored by the Select Committee.

The broad version is favored by the JCRC. The ACRC approved both versions of Rule 9.146. The Florida Bar Board of Governors approved both versions of the rules. The proposed rule amendments were not published prior to being filed with the Court.

After the proposals were filed, the Court published both versions for comment. Six comments were received. Some of the comments supported the broad version of the proposals and other comments supported the narrow version. In their joint response, the Select Committee, the ACRC, and the JCRC recommended several additional or revised rule amendments in response to the comments. Oral argument was heard in this matter on December 7, 2016.

Upon consideration of the joint report, the comments, and the presentations of the participants at oral argument, we adopt the broad version of the proposals, with modifications, as discussed below.

**AMENDMENTS**

Rule 8.510 (Advisory Hearing and Pretrial Status Conferences) is amended to require, in subdivision (a)(2)(A), that parents be advised of their right to effective counsel in termination of parental rights proceedings.

Rule 8.517 (Withdrawal and Appointment of Attorney) is amended to create a new separate subdivision (b) specifically addressing the withdrawal of an attorney after entry of an order terminating parental rights. Along with the other

requirements currently contained in subdivision (a), this new subdivision also requires that a parent's attorney certify that the attorney has advised the parent of the right to make a claim of ineffective assistance of counsel before the court allows the attorney to withdraw. New subdivision (c) is also added in order to address the appointment of appellate counsel.

Rule 8.525 (Adjudicatory Hearings) is amended to require the court to advise a parent, both orally and in the order terminating parental rights, that he or she has a right to appeal the order terminating parental rights and a right to file a claim of ineffective assistance of counsel. The court must also include in the order terminating parental rights a brief explanation of the procedure for filing a claim of ineffective assistance of counsel.

New Rule 8.530 (Parent's Motion Claiming Ineffective Assistance of Counsel Following Order Terminating Parental Rights) sets forth the procedure for a parent to file a claim of ineffective assistance of counsel in a termination of parental rights proceeding. Subdivision (a) requires the court to advise a parent of his or her right to appeal and to file a claim of ineffective assistance of counsel. Subdivision (b) requires trial counsel to advise the parent of his or her right to appeal, determine whether the parent elects to appeal, inquire whether the parent intends to file a claim of ineffective assistance of counsel, and if the parent intends to do so, immediately seek to withdraw. Subdivision (c) states that a parent's

motion claiming ineffective assistance of counsel should be filed in the circuit court and that the trial court continues to have jurisdiction to consider a motion claiming ineffective assistance of counsel in a proceeding terminating parental rights even if a notice of appeal has been filed.

Subdivision (d)(1) states that an indigent parent is not entitled to a court-appointed attorney to assist with a motion claiming ineffective assistance of counsel. Subdivision (d)(2) provides that an indigent parent is entitled to appointed counsel in both the trial and appellate court in termination of parental rights proceedings and on appellate review of an order on a motion for ineffective assistance of trial counsel. Subdivision (e) requires a motion claiming ineffective assistance of counsel to be filed within twenty days of the date the court entered the written order terminating parental rights. Subdivision (f) provides that the timely filing of a motion claiming ineffective assistance tolls rendition of the order terminating parental rights until the court enters an order on the motion or for fifty days, whichever occurs first.

Subdivisions (g)(1)–(g)(4) set forth the requirements for the motion claiming ineffective assistance of counsel. Subdivisions (g)(1) and (g)(2) require that the motion be in writing and under oath and contain the case name, case number, and the date the written order terminating parental rights was entered. Subdivision (g)(3) requires that the motion contain the current mailing address, any e-mail

- 5 -

address, and the phone number of the parent filing the motion for the purposes of receiving notices and orders.

Subdivision (g)(4) sets forth the required allegations pertaining to the attorney's alleged ineffectiveness. As proposed, this subdivision would have required the movant to "identify specific acts or omissions in the attorney's representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional assistance and explain how the acts or omissions prejudiced the parent's case to such an extent that the result would have been different absent the deficient performance." Comments pertaining to this subdivision suggested that it should be modified to more accurately reflect the standard for granting relief on an ineffective assistance of counsel claim that was adopted in J.B.—i.e., that "but for counsel's deficient representation the parent's rights would not have been terminated." J.B., 170 So. 3d at 792. We agree and adopt this subdivision modified accordingly.[1]

Subdivision (h) allows a parent to amend a timely-filed motion within twenty days from the date of the order terminating parental rights without court permission and also allows the court to order a parent to file an amended motion

_____

1. This modification is also made in subdivisions (*l*)(2), (n)(4), and (n)(5)(A) and (B). Similar modifications are made in Forms 8.983, 8.9832, and 8.984.

- 6 -

"as provided in this rule." Subdivision (i) requires the clerk to immediately provide these types of motions and the court file to the judge who entered the order terminating parental rights. Subdivision (j) explains that no answer or responsive pleading is required from any other party in the proceeding. Subdivision (k) requires the parent to serve the motion on all parties to the termination of parental rights proceeding as well as the attorney the parent claims provided ineffective assistance.

Subdivision (*l*) governs summary denial of a motion. Subdivision (*l*)(1) requires summary denial within five days of any motion filed after the twenty-day time limit and states that the order is final for purposes of appeal. Subdivision (*l*)(2) addresses the summary denial of legally insufficient motions. It permits denial of the motion as legally insufficient within five days of filing, defines legal insufficiency, requires the court to set forth in the order the basis for the conclusion that the motion is legally insufficient, and states that if the court does not direct the filing of an amended motion, the order is final for purposes of appeal. Subdivision (m) permits the court to enter an order authorizing the filing of an amended motion.

Subdivision (n) governs evidentiary hearings. Under proposed subdivision (n)(1), if a motion is timely and sufficient, the court is required to conduct an evidentiary hearing as expeditiously as possible. Subdivision (n)(2) requires that

- 7 -

notice be given to the parties and participants in the termination of parental rights proceeding and to the attorney who is alleged to have provided ineffective assistance. The notice is required to state the issues to be determined and that the moving parent is required to present evidence at the hearing. Subdivision (n)(3) addresses the record of the adjudicatory hearing in the termination of parental rights proceeding. It allows the court to order an expedited record for review and allows for an electronic recording to be substituted for a transcript of the adjudicatory hearing. This subdivision also requires that if the judge conducting the motion hearing is different than the judge who presided at the termination of parental rights adjudicatory hearing, the expedited record must be ordered. Subdivision (n)(4) explains that the moving parent has the burden of presenting evidence and the burden of proof and allows other parties to present evidence regarding the claims raised in the motion claiming ineffective assistance of counsel. Subdivision (n)(5) requires the court to enter an order on the motion within five days after an evidentiary hearing. Subdivision (n)(5)(A) provides that if the motion is granted, the court must enter an order stating the reasons for granting the motion and vacating the order terminating parental rights without prejudice. The court must also schedule an adjudicatory hearing on the petition for termination of parental rights to take place no later than forty-five days from the date of the order granting the motion and appoint an attorney for the parent, as

provided by law. Subdivision (n)(5)(B) states that if the motion is denied, the court must enter an order stating the reasons for the denial, and that the order is the final order for purposes of appeal.

Subdivision (*o*) states that if the court does not enter a written order on the motion within fifty days from the date the court entered the written order terminating parental rights, the motion is deemed denied with prejudice. Subdivision (p) requires that the order be served on the parties, including the moving parent, within forty-eight hours of rendition of the order, and the order must include a dated certificate of service. Subdivision (q) prohibits the filing of a second or successive motion claiming ineffective assistance of counsel. Subdivision (r) states that any appeals of an order claiming ineffective assistance of counsel in a termination of parental rights proceeding will be governed by Florida Rule of Appellate Procedure 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services).

Form 8.983 is amended to change the title of the form to "Order Involuntarily Terminating Parental Rights" to make it clear that it should be used only for involuntary termination of parental rights. In addition, the notice provisions in the order are amended to advise parents that they have a right to make a claim of ineffective assistance of counsel. The notice provision gives an

overview of the requirements and process for making a claim of ineffective assistance of counsel.

New Form 8.9831 (Motion Claiming Ineffective Assistance of Counsel After Order Terminating Parental Rights) is adopted. This form provides a format for the moving parent to follow when drafting a motion claiming ineffective assistance of counsel in a termination of parental rights proceeding. It is meant to ensure that the format and language of the motions are consistent and comprehensible, assist the parent in setting forth the factual basis for making the claim of ineffective assistance of counsel, and expedite the resolution of the motion.

New Form 8.9832 (Order on Motion Claiming Ineffective Assistance of Counsel After Order Terminating Parental Rights) is adopted. The form provides a format for a judge to follow when drafting an order on a motion claiming ineffective assistance of counsel in a termination of parental rights proceeding. The form includes alternative findings and rulings based on the circumstances of the case. In accordance with Rule 8.530 (Parent's Motion Claiming Ineffective Assistance of Counsel Following Order Terminating Parental Rights), the form allows the trial court to make findings that a motion is untimely, sufficient or insufficient, or whether the evidence presented at a hearing supports the court

vacating the order terminating parental rights due to ineffective assistance of counsel.

Form 8.984 is amended to change the title to "Order Terminating Parental Rights (Voluntary)," for consistency with the other rules and forms, and add language in the notice provisions of the form to advise parents that they have a right to make a claim of ineffective assistance of counsel. The notice provision gives an overview of the requirements and process for making a claim of ineffective assistance of counsel.

Rule 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services) is amended to add new subdivisions (i)(1)–(i)(4) governing appeals from orders involving claims of ineffective assistance of counsel in termination of parental rights proceedings. These new subdivisions (1) acknowledge that a motion claiming ineffective assistance of counsel tolls rendition of an order terminating parental rights; (2) provide, consistent with J.B., that an appeal from an order denying a motion alleging ineffective assistance of counsel must be raised and addressed in the appeal from the order terminating parental rights; (3) require the filing of notice of a timely-filed motion claiming ineffective assistance of counsel in the termination of parental rights proceedings and provide that such notice automatically stays the appeal until the disposition of the motion; (4) require

preparation of a supplemental record of the hearing on the motion claiming ineffective assistance of counsel within twenty days; and (5) require the clerk to automatically supplement the record on appeal with the motion, the order, and the transcript from the hearing within five days of the order ruling on the motion or within five days of the filing of the transcript, whichever is later.

These amendments are meant to recognize the priority and expediency given to appeals under Rule 9.146 and this Court's admonishment in J.B. that ineffective assistance of counsel claims need to be timely processed. Current subdivisions (g)(2)(B) and (g)(2)(C) of the rule require the court reporter to provide a transcript within twenty days of service of the designation to the reporter and require the clerk to transmit the record within five days of the filing of the transcript. Thus, the record of the proceedings prior to the filing of a motion alleging ineffective assistance is likely to be prepared and transmitted to the appellate court prior to expiration of the time limitation within which the trial court must act on the motion. Because the appeal from an order denying a motion alleging the ineffective assistance of counsel must be raised in the appeal from the order terminating parental rights, it will be necessary to supplement the already-prepared record with the proceedings related to the ineffective assistance of counsel motion. Subdivisions (i)(4)(B)–(i)(4)(C) provide the mechanisms to supplement the record with the necessary filings to enable appellate review of the trial court's ruling on

the motion alleging ineffective assistance of counsel, while ensuring that the appeal is timely processed.

## CONCLUSION

Accordingly, the Florida Rules of Juvenile Procedure and forms and the Florida Appellate Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring. Deleted language is shown in struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, and CANADY, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.
LAWSON, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

PARIENTE, J., concurring in part and dissenting in part.

I concur in the adoption of the rules for ineffective assistance of counsel claims in termination of parental rights ("TPR") proceedings for indigent parents, but I dissent because I would not adopt the broader version of the rule applying to claims of ineffective assistance of counsel for both court-appointed counsel and privately retained counsel. Our narrowly tailored opinion in J.B. v. Department of

- 13 -

Children and Families, 170 So. 3d 780 (Fla. 2015), dealt <u>only</u> with the right of indigent parents to effective assistance of counsel. <u>Id.</u> at 790 ("we now expressly hold what was only implicit in our prior decisions: <u>the right of indigent parents</u> to counsel under the Florida Constitution in TPR proceedings necessarily includes the constitutional right to the effective assistance of counsel" (emphasis added)).

We emphasized in <u>J.B.</u> that an indigent parent's right to effective counsel in TPR proceedings emanates not from the Sixth Amendment to the United States Constitution but from the Due Process Clause of the Florida Constitution. <u>Id.</u> at 799; <u>see</u> art. I, § 9, Fla. Const. While a similar legal analysis would likely conclude that a parent with privately retained counsel shares this constitutional right based on the fundamental liberty interest in being a parent to a child, this Court did not have that case before it in <u>J.B.</u> and, therefore, did not rule on it. Extending the right recognized in <u>J.B.</u> to parents with privately-retained counsel is a substantive matter that is appropriately decided in the context of an actual case or controversy. In my view, determining whether the right to effective assistance of counsel in TPR proceedings applies broadly to parents with privately retained counsel in addition to parents with court-appointed counsel is not properly resolved in a rulemaking proceeding.[2]

---

2. There are legitimate arguments in support of both the broader rule and narrower rule. Both viewpoints merit thorough briefing and consideration in the

- 14 -

No matter what carefully crafted procedures are implemented, I have no doubt that this rule will have unintended consequences, including the potential proliferation of ineffective assistance of counsel claims in TPR proceedings.[3] Additionally, there will be added costs—in time and money—to an already overburdened system. One example of such costs is having to provide a different set of court-appointed attorneys to address the ineffective assistance of counsel claims for indigent parents during appeals. Even more troubling is the potential delay in the finality of TPR proceedings and thus the ultimate permanency determination for the children, when it is the children's best interests that are paramount. J.B., 170 So. 3d at 792 ("[T]he interest in finality is substantially heightened in the TPR context by the very important consideration that must be given to the child's interest in reaching permanency and to the harm that results when permanency is unduly delayed."); see also S.M. v. Fla. Dep't of Children & Families, 202 So. 3d 769, 782 (Fla. 2016) ("The 'right' of a parent to a bond with

form of a case or controversy rather than through a nonadversarial rules proceeding.

3. The full impact of adopting the broader view of these rules is largely unknown. Even the Select Committee admits that key data regarding TPR proceedings—the percentage of parents with court-appointed counsel and the number of cases appealed—is purely anecdotal.

the child is important, but ultimately the health, welfare, and safety of the child must be paramount.").

I reiterate what I stated in my concurring opinion in J.B. regarding the effect of these claims on the child's right to permanency:

> I concur in the Court's opinion but with trepidation because providing a mechanism to vindicate ineffective assistance of counsel claims in termination of parental rights (TPR) proceedings should not unintentionally cause negative consequences in the life of the child as a result of further delay. I therefore emphasize the important reality articulated by the Court—that "[t]imely disposition of TPR ineffective assistance of counsel claims is essential in light of the harm to the child that results when permanency is unduly delayed."

170 So. 3d at 797 (Pariente, J., concurring) (quoting In re S.M., 614 A.2d 312, 316 (Pa. 1992)).

We should also heed this comment from attorney Jeanne Tate, a board certified adoption attorney, who has practiced in the adoption arena for over thirty years and who filed formal comments in this case: "There are already indeterminable delays for children in foster care and the floodgates should not be opened to provide greater uncertainty about permanency options." She notes that a similar right to counsel exists for indigent parents who are the subject of private TPR actions under chapter 63, Florida Statutes; therefore, this rulemaking case could have implications beyond the scope of dependency cases.

My concern is that, at the least, the majority's opinion thwarts the resolution of this issue of substantive law via a case or controversy because it is difficult to

understand who will challenge the application of the rule once it is in place, when a litigant with privately retained counsel files a motion pursuant to this rule. At the worst, the majority's opinion threatens to disrupt the delicate balance of rights intertwined in TPR proceedings by opening the floodgates to ineffective assistance of counsel claims. Either result is a disservice to the vulnerable children whose interests are at the crux of these rules, so I respectfully concur in the adoption of the rules for ineffective assistance of counsel claims in TPR proceedings except to the extent that they adopt the broader version granting the constitutional right of effective assistance of counsel to parents with privately retained attorneys.

In either event, I urge the Commission on District Court of Appeal Performance and Accountability (DCAP&A) and the Commission on Trial Court Performance and Accountability (TCP&A) to continue monitoring any delays that arise in bringing TPR cases to final resolution for the best interests of the child.[4]

POLSTON, J., concurs.

---

4. In the joint report entitled "Performance Study: Dependency and Termination of Parental Rights Appeal," the DCAP&A and TCPA&A looked into reasons that the appellate courts were not meeting the overall goal of 165 days from Notice of Appeal to Disposition, pointing out that delay in document receipt, which includes receipt of the record and the briefs of parties, was a consistent problem across all districts. My new concern is whether the insertion of an additional issue on appeal, regarding ineffective assistance of counsel, will cause further delay. As the Report states, and all agree, "each reduction in time on appeal is a direct benefit to the child in the time to permanency."

Original Proceeding – Florida Rules of Juvenile Procedure and Florida Rules of Appellate Procedure

Judge Sandra Sue Robbins, Chair, Select Committee on Claims of Ineffective Assistance of Counsel in Termination of Parental Rights Proceedings, Ocala, Florida; Thomasina Moore, Select Committee on Claims of Ineffective Assistance of Counsel in Termination of Parental Rights Proceedings, Orlando, Florida; Ward Lee Metzger, Chair, and Robert William Mason, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; Jeffrey D. Deen, Vice Chair, Juvenile Court Rules Committee, Casselberry, Florida; Kristin A. Norse, Chair, Appellate Court Rules Committee, Tampa, Florida; Judge T. Kent Wetherell, II, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and John F. Harkness, Jr., Executive Director, Heather Savage Telfer, and Krys Godwin, Bar Staff Liaisons, The Florida Bar, Tallahassee, Florida,

     for Petitioners

Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, Florida; Whitney M. Untiedt of Akerman LLP, Miami, Florida, on behalf of the Public Interest Law Section of The Florida Bar; Robin L. Rosenberg, Deputy Director, Florida's Children First, Tampa, Florida, on behalf of Florida's Children First and the University of Miami Children and Youth Law Clinic; Jeanne T. Tate of Jeanne T. Tate P.A., Tampa, Florida; Kristin A. Norse of Kynes, Markman & Felman, P.A., Tampa, Florida; Chris W. Altenbernd of Carlton Fields Jorden Burt, P.A., Tampa, Florida; Thomas D. Hall of The Mills Firm, P.A., Tallahassee, Florida; and Alan Abramowitz, Executive Director, and Dennis W. Moore, General Counsel, Statewide Guardian ad Litem Office, Tallahassee, Florida,

     Responding with Comments

# APPENDIX

## RULE 8.510.     ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES

### (a)     Advisory Hearing.

(1)     An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.

(2)     The court must:

(A)     advise the parents of their right to counsel including the right to an effective attorney and appoint ~~counsel~~an attorney in accordance with legal requirements;

(B)     advise the parents of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes;

(C)     determine whether an admission, consent, or denial to the petition shall be entered; and

(D)     appoint a guardian ad litem if one has not already been appointed.

(3)     If a parent served with notice fails to personally appear at the advisory hearing, the court shall enter a consent to the termination of parental rights petition for the parent who failed to personally appear.

(4)     If an admission or consent is entered by all parents for a named child included in the petition for termination of parental rights and the court finds that termination of parental rights is in the best interest of the child, the court shall proceed to disposition alternatives as provided by law.

(5)     If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.

**(b) – (c)** [no change]

### RULE 8.517.        WITHDRAWAL AND APPOINTMENT OF ~~COUNSEL~~ATTORNEY

**(a)    Withdrawal of Attorney after Order Adjudicating Child Dependent ~~or Terminating Parental Rights~~.** After an order of adjudication of dependency~~,~~ or an order of dependency disposition~~, or an order terminating parental rights~~ has been entered, the ~~counsel~~attorney of record for a parent or legal custodian in a dependency proceeding ~~or a parent in a termination of parental rights proceeding~~ shall not be permitted to withdraw as ~~counsel of record~~the attorney until the following have occurred:

~~(1)    The attorney certifies that the attorney has discussed appellate remedies with the parent or legal custodian.~~

~~(A)~~(1)The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian ~~does not want~~elects not to appeal the order; or

~~(B)~~(2)The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian ~~wants~~selects to appeal the order, and

~~(i)~~(A) a notice of appeal containing the signatures of ~~counsel~~the attorney and the parent or legal custodian has been filed or a notice of appeal containing the signature only of the attorney has been filed if the parent or legal custodian elects to appeal but is unable to personally timely sign the notice and that an amended notice of appeal containing the parent's or legal custodian's signature will be filed;

~~(ii)~~(B) directions to clerk, if necessary, have been filed;

~~(iii)~~(C) a motion to transcribe the requisite proceedings has been filed;

~~(iv)~~(D) a designation to the court reporter specifying the proceedings that must be transcribed in order to obtain review of the issues on appeal and designating the parties to receive a copy of the transcripts has been filed; and

- 20 -

(v)(E) an order appointing appellate counsel, if any, has been entered.

Conformed copies of each of these documents shall be attached to the motion to withdraw.

(2)(3) If the attorney has been is unable to contact the parent or legal custodian regarding appellate remedies, the attorney certifies and describes the efforts made to contact the parent or legal custodian.

**(b)** **Withdrawal of Attorney after Order Terminating Parental Rights.** After an order terminating parental rights has been entered, the attorney of record for a parent in a termination of parental rights proceeding shall not be permitted to withdraw as attorney until the following have occurred:

**(1)** **Discussion of Appeal.**

(A) The attorney certifies that after discussing appellate remedies with the parent, the parent elects not to appeal the order terminating parental rights; or

(B) The attorney certifies that after discussing appellate remedies with the parent, the parent elects to appeal the order terminating parental rights; and

(i) a notice of appeal containing the signatures of the attorney and the parent has been filed or a notice of appeal containing the signature only of the attorney has been filed if the parent elects to appeal but is unable to personally timely sign the notice and that an amended notice of appeal containing the parent's signature will be filed;

(ii) directions to clerk, if necessary, have been filed;

(iii) a motion to transcribe the requisite proceedings has been filed;

(iv) a designation to the court reporter specifying the proceedings that must be transcribed in order to obtain review of the issues on appeal and designating the parties to receive a copy of the transcripts has been filed; and

(v)     an order appointing appellate counsel, if any, has been entered.

Conformed copies of each of these documents shall be attached to the motion to withdraw.

### (2)     Discussion of Ineffective Assistance of Counsel Claim.

(A)     The attorney certifies that after discussing the right of a parent to file a motion claiming ineffective assistance of counsel, the parent elects not to file the motion, or

(B)     The attorney certifies that after discussing the right of the parent to file a motion claiming ineffective assistance of counsel, the parent elects to file a motion. Consequently, the attorney must immediately seek to withdraw from representation of the parent.

**(3)     Inability to Discuss Remedies.** If the attorney is unable to contact the parent regarding appellate remedies and the right to file a motion claiming ineffective assistance of counsel, the attorney certifies and describes the efforts made to contact the parent.

**(c)     Appointment of Appellate Counsel.** If the court permits the attorney to withdraw, the court must expeditiously appoint appellate counsel for indigent parents pursuant to law. The indigent parent is not entitled to a court-appointed attorney in any trial court proceeding regarding a motion claiming ineffective assistance of counsel. However, a parent may independently retain an attorney to assist in any trial court proceeding regarding a motion claiming ineffective assistance of counsel.

**(d)     Service of Order Appointing ~~Counsel~~Attorney.** Following rendition of an order appointing appellate counsel, the court ~~shall~~must serve ~~a copy of~~ the order on the appointed appellate counsel and the clerk of the appellate court.

### Committee Note

**Amendment 2017.** Significant amendments were made to create a process for claiming ineffective assistance of counsel in termination of parental rights proceedings. *J.B.*, *etc. v. Florida Department of Children and Families*, 170 So. 3d 780 (Fla. 2015). A parent's right to appointed counsel is governed by sections 39.013(9)a. and 27.511, Florida Statutes.

**RULE 8.525        ADJUDICATORY HEARINGS**

**(a) – (h)** [no change]

**(i)        Advisement of Right to Appeal and File Ineffective Assistance of Counsel Motion.** At the conclusion of the adjudicatory hearing, the court must orally inform the parents of the right to appeal any order terminating parental rights to the district court of appeal and the right to file a motion in the circuit court claiming that counsel provided ineffective assistance.

**(j)        ~~Final Judgment~~Order.**

**(1)        Terminating Parental Rights.**

(A)        If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a ~~final judgment~~written order terminating parental rights and proceed with dispositional alternatives as provided by law.

(B)        The order must contain the findings of fact and conclusions of law on which the decision was based. The court shall include the dates of the adjudicatory hearing in the order.

(C)        The order must include a brief statement informing the parents of the right to appeal the order to the district court of appeal and the right to file a motion in the circuit court alleging that counsel provided ineffective assistance and a brief explanation of the procedure for filing such a claim.

(D)        The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of this contact must be stated in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is placed for adoption.

**(2) – (3)** [no change]

## RULE 8.530. PARENT'S MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL FOLLOWING ORDER TERMINATING PARENTAL RIGHTS

(a) **Duty of the Court to Advise.** At the conclusion of the termination of parental rights adjudicatory hearing, the court must orally inform the parents who are represented by an attorney of the right to appeal an order terminating parental rights to the district court of appeal and the right to file a motion in the circuit court claiming that an attorney provided ineffective assistance if the court enters an order terminating parental rights. In addition, the written order terminating parental rights must include a brief statement informing the parents of the right to file a motion claiming ineffective assistance of counsel and a brief explanation of the procedure for filing the motion.

(b) **Duty of Attorney to Advise.** After entry of an order terminating parental rights, an attorney must discuss appellate remedies with the parent and determine whether the parent elects to appeal the order terminating parental rights. The attorney must also inquire whether the parent intends to file a motion claiming ineffective assistance of counsel. If the parent states an intention to file a motion claiming ineffective assistance of counsel, then the attorney must immediately seek withdrawal pursuant to these rules.

(c) **Motion and Jurisdiction.** After the court has entered a written order terminating parental rights, a parent may file a motion in the circuit court claiming that the parent's attorney provided ineffective assistance. If a notice of appeal of the order terminating parental rights is filed, the trial court continues to have jurisdiction to consider a motion claiming ineffective assistance of counsel.

(d) **Court-Appointed Attorney.**

(1) An indigent parent is not entitled to a court-appointed attorney to assist the parent in preparing, filing, or litigating a motion claiming ineffective assistance of counsel. However, the parent may independently obtain an attorney to represent the parent in pursuing the motion.

(2) An indigent parent is otherwise entitled to a court-appointed attorney as provided by law in both the trial and appellate court in a termination of parental rights proceeding, and is entitled to a court-appointed attorney concerning appellate review of the trial court's order on the motion for ineffective assistance of counsel.

**(e)     Time Limitations.** A motion claiming ineffective assistance of counsel must be filed within 20 days of the date the court entered the written order terminating parental rights.

**(f)     Toll of Time for Appeal.** The timely filing of a motion claiming ineffective assistance of counsel tolls rendition of the order terminating parental rights for purposes of appeal until the circuit court enters an order on the motion or for 50 days from the date the court entered the written order terminating parental rights, whichever occurs first.

**(g)     Contents of Motion.**

(1)     The motion must be in writing and under oath stating that all of the facts stated are true and correct.

(2)     The motion must contain the case name and number and identify the date the written order terminating parental rights was entered.

(3)     The motion must contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders.

(4)     The motion must identify specific acts or omissions in the attorney's representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional assistance and explain how the acts or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the parent's rights would not have been terminated.

**(h)     Amendments to Motion.** If the motion claiming ineffective assistance of counsel is timely filed, the parent may file amended motions without permission of the court within 20 days from the date the court entered the written order terminating parental rights. The court may order the moving parent to file an amended motion as provided in this rule.

**(i)     Delivery of Motion to Judge.** On filing of the motion, the clerk of court must immediately provide the motion and court file to the judge who entered the order terminating parental rights.

**(j)     Response to Motion.** No answer or responsive pleading is required from any other party to the termination of parental rights proceeding.

**(k)      Service of the Motion.** The parent claiming ineffective assistance of counsel must serve the motion on all parties to the termination of parental rights proceeding and to the attorney the parent claims provided ineffective assistance.

**(*l*)      Summary Denial of Motion.**

**(1)      Untimely Motion.** The court must enter an order within 5 days from the date the motion or amended motion was filed summarily denying with prejudice any motion filed after the 20-day limitation for filing. The order shall be considered the final order for purposes of appeal.

**(2)      Insufficient Motion.** If the motion or amended motion is legally insufficient as alleged, the court may enter an order summarily denying the motion within 5 days from the date the motion or amended motion was filed. A motion is legally insufficient when the allegations of ineffective assistance of counsel during the termination of parental rights proceedings, if taken as true, did not prejudice the parent's case to such an extent that but for counsel's deficient performance the parent's rights would not have been terminated. The order denying a motion as legally insufficient must set forth the basis for the conclusion the motion is legally insufficient. The court must not summarily deny a motion as insufficient for reasons other than legally insufficient allegations claiming ineffective assistance of counsel. If the court denies the motion as legally insufficient and does not direct the filing of an amended motion, then the order shall be considered the final order for purposes of appeal.

**(m)      Order for Amended Motion.** If the motion or amended motion is legally insufficient as alleged, the court may enter an order within 5 days from the date the motion, or amended motion, was filed authorizing the moving parent to file an amended motion within 10 days of the date of the written order permitting amendment.

**(n)      Evidentiary Hearing on Motion.**

**(1)      Scheduling of Hearing.** If the motion is timely and, in the court's opinion, contains sufficient allegations, the court must conduct an evidentiary hearing as expeditiously as possible in light of the other time limitations in this rule.

**(2)      Notice of Hearing.** The court must issue a notice of the hearing on the motion to the parties and participants of the termination of parental rights proceeding and to the attorney who the parent claimed provided ineffective

assistance. The notice must state the issues to be determined and that the moving parent is required to present evidence at the hearing on the motion.

**(3)  Record of Termination of Parental Rights Adjudicatory Hearing.** If necessary, the court may order an expedited record for review, which may include an electronic recording in lieu of a transcript, of the termination of parental rights adjudicatory hearing. If the judge conducting the motion hearing is different from the judge who presided at the termination of parental rights adjudicatory hearing, the court must order an expedited record for review, which may include an electronic recording in lieu of a transcript, of the termination of parental rights adjudicatory hearing.

**(4)  Burden to Present Evidence and Proof.** At the evidentiary hearing, the moving parent has the burden of presenting evidence and the burden of proving specific acts or omissions of an attorney's representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional assistance, and how the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the parent's rights would not have been terminated. All other parties may present evidence regarding the claims raised.

**(5)  Order from Evidentiary Hearing.** At the conclusion of the hearing on the motion, the court must enter an order granting or denying the motion within 5 days from the evidentiary hearing.

**(A)  Grant of Motion.** If the court determines that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance and that the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the parent's rights would not have been terminated, the court must enter an order granting the motion stating the reasons for granting the motion and vacating the order terminating parental rights without prejudice. In the order, the court must schedule an adjudicatory hearing on the petition for termination of parental rights to take place no later than 45 days from the order granting the motion. The court must then appoint an attorney to represent the parent in further proceedings, as provided by law.

**(B)  Denial of Motion.** If the court determines that the attorney during the termination of parental rights proceedings provided reasonable, professional assistance or determines that no errors or omissions prejudiced the

parent's case in the termination proceedings to such an extent that but for counsel's deficient performance the parent's rights would not have been terminated, the court must enter an order denying the motion, stating the reasons for denial. The order resolves all the claims raised in the motion and shall be considered the final order for purposes of appeal.

(*o*)     **Failure to Enter Order.** If the court does not enter an order granting or denying the motion within 50 days from the date the court entered the written order terminating parental rights, the motion shall be deemed denied with prejudice.

(p)     **Service of Order.** The clerk of the court must serve any order entered under this rule on the parties, including to the moving parent at the parent's address on file with the clerk, within 48 hours from the rendition of the order indicating the date of service by an appropriate certificate of service.

(q)     **Successive Motions.** No second or successive motion claiming ineffective assistance of counsel shall be allowed except as provided in this rule. No motion for rehearing shall be allowed in response to the court's ruling on the motion claiming ineffective assistance of counsel.

(r)     **Appeals.** Florida Rule of Appellate Procedure 9.146 applies to the appeal of an order on a motion claiming ineffective assistance of counsel in termination of parental rights proceedings.

**FORM 8.983.** ~~ADJUDICATION ORDER AND JUDGMENT OF INVOLUNTARY TERMINATION OF~~ORDER INVOLUNTARILY TERMINATING PARENTAL RIGHTS

ORDER ~~OF ADJUDICATION AND JUDGMENT OF INVOLUNTARY TERMINATION OF~~INVOLUNTARILY TERMINATING PARENTAL RIGHTS

THIS CAUSE came before this court on ........~~......~~(all dates of the adjudicatory hearing) ~~.........~~ for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by .......~~....~~(name)~~.........~~ Present before the court were:

....    .........~~.....~~(Name)~~.........~~...., Petitioner
....    .........~~.....~~(Name)~~.........~~...., Attorney for the petitioner
....    .........~~.....~~(Name)~~.........~~...., Attorney for the department
....    .........~~.....~~(Name)~~.........~~...., Department caseworker
....    .........~~..~~(Name)~~.........~~...., Child
....    .........~~.....~~(Name)~~.........~~...., Attorney for Child
....    .........~~.....~~(Name)~~.........~~...., Mother
....    .........~~.....~~(Name)~~.........~~...., Attorney for mother
....    .........~~.....~~(Name)~~.........~~...., Father of .....~~.....~~(child)~~.........~~
....    .........~~.....~~(Name)~~.........~~...., Attorney for father
....    .........~~.....~~(Name)~~.........~~...., Guardian ad litem
....    .........~~.....~~(Name)~~.........~~...., Attorney for guardian ad litem
....    .........~~.....~~(Name)~~.........~~...., Legal custodian
....    .........~~.....~~(Name)~~.........~~...., Attorney for legal custodian
....    .........~~.....~~(Name)~~.........~~...., Other: ..........

The court has carefully considered and weighed the testimony of all witnesses. The court has received and reviewed all exhibits.

COMMENT: Add the following only if necessary.

The petitioner has sought termination of the parental rights of .....~~.....~~(parent(s)) who is/are subject of petition)......~~....~~

The court finds that the parent(s), .......~~....~~(name(s))~~.........~~...., has/have ....~~.....~~(list grounds proved)~~.........~~...., under chapter 39, Florida Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s), .......~~....~~(name(s))~~.........~~...., is clearly in the manifest best interests of the child(ren). The findings of fact and conclusions of law supporting this decision are as follows:

1.    At all stages of these proceedings the parent(s) was/were advised of his/her/their right to legal counsel, or was/were in fact represented by counsel.

2.      On or about ....——(date(s))——......, the following occurred: ....——(acts which were basis for dependency or TPR, if filed directly)......——

3.      The mother has ....——(grounds for TPR)——...... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: ....——(findings that form the statutory basis for grounds)......——

4.      The father has ....——(grounds for TPR)——...... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: ....——(findings that form the statutory basis for grounds)......——

5.      The minor child(ren) to whom ....——(parent's(s') name(s))——...... parental rights are being terminated are at substantial risk of significant harm. Termination of parental rights is the least restrictive means to protect the child(ren) from harm.

6.      Under the provisions of sections 39.810(1)–(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of ....——(name(s))——...... to be terminated for the reasons below. The court has considered all relevant factors and finds as follows:

        (a)      Regarding any suitable permanent custody arrangement with a relative of the child(ren), the court finds ..........

        (b)      Regarding the ability and disposition of the parent or parents to provide the child(ren) with food, clothing, medical care, or other remedial care recognized and permitted under state law instead of medical care, and other material needs of the child(ren), the court finds ..........

        (c)      Regarding the capacity of the parent or parents to care for the child(ren) to the extent that the child(ren)'s safety, well-being, and physical, mental, and emotional health will not be endangered upon the child(ren)'s return home, the court finds ..........

        (d)      Regarding the present mental and physical health needs of the child(ren) and such future needs of the child(ren) to the extent that such future needs can be ascertained based on the present condition of the child(ren), the court finds ..........

        (e)      Regarding the love, affection, and other emotional ties existing between the child(ren) and the child(ren)'s parent or parents, siblings, and other relatives, and the degree of harm to the child(ren) that would arise from the termination of parental rights and duties, the court finds ..........

        (f)      Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child(ren), the court finds ..........

(g)     Regarding the child(ren)'s ability to form a significant relationship with a parental substitute and the likelihood that the child(ren) will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds ...........

(h)     Regarding the length of time that the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds ...........

(i)     Regarding the depth of the relationship existing between the child(ren) and present custodian, the court finds ...........

(j)     Regarding the reasonable preferences and wishes of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds ...........

(k)     Regarding the recommendations for the child(ren) provided by the child(ren)'s guardian ad litem or the legal representative, the court finds ...........

(*l*)     Regarding other relevant factors including ..........., the court finds ...........

COMMENT: Add items 7, 8, and 9 as applicable.

7.     Under section 39.811(6)(-...........-), Florida Statutes, the court terminates the parental rights of only .....----(parent whose rights are being terminated)----..... as to the minor child(ren), .....----(child(ren)'s name(s))----....... Specifically, the court finds that .....----(specific findings of fact under section 39.811(6), Florida Statutes).....----

8.     Under sections 39.509(5) and 39.811(7)(a), Florida Statutes, the court finds that continued grandparental visitation is not in the best interests of the child(ren) or that such visitation would interfere with the permanency goals for the child(ren) for the following reasons ...........

9.     Under section 39.811(7)(b), Florida Statutes, the court finds that although parental rights are being terminated, the best interests of .....----(names of child(ren) to which this provision applies)----..... support continued communication or contact by .....----(names of parents, siblings, or relatives of the parent whose rights are terminated and to which this provision applies)----..... except as provided above. The nature and frequency of the communication or contact shall be as follows ........... It may be reviewed on motion of any party or an identified prospective adoptive parent.

THEREFORE, after weighing the credibility of the witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:

1.     The petition filed by .....----(name)----..... is granted as to the parent(s), .....----(name(s))----....

2. The parental rights of the father, .....―――(name)―――....., and of the mother, .....―――(name)―――....., to the child, .....―――(name)―――....., are hereby terminated under section 39.806(-..........-), Florida Statutes.

COMMENT: Repeat the above for each child and parent, as necessary.

3. Under sections 39.811(2) and (5), Florida Statutes, the child(ren), .....―――(name(s))―――....., are placed in the custody of .....―――(agency)―――...... for the purpose of subsequent adoption.

4. The 30-day permanency plan required by section 39.811(8), Florida Statutes, shall be filed and heard at .....―――(time)―――...... on .....―――(date)―――...... in .....―――(location)......―――

DONE AND ORDERED on .....―――(date)―――....., in .....―――(city and county)―――....., Florida.

_____
Circuit Judge

## NOTICE

**Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (<u>signed and </u>filed). <u>A parent may have the right to a court-appointed attorney as provided by law.</u>**

<u>**Under Florida Rule of Juvenile Procedure 8.530, a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order terminating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-appointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, but the parent may independently obtain an attorney to represent the parent in the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney's representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated.**</u>

Copies to: _____

# FORM 8.9831.    MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS

MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS

Moving parent, .....(name)....., .....(address)....., .....(e-mail address)....., .....(phone number)....., requests this court to vacate the order terminating parental rights pursuant to Florida Rule of Juvenile Procedure 8.530.

1.      I was the parent of .....(name(s) of child(ren))..... at the time the court entered an order terminating my parental rights on .....(date)..... in .....(case number and case name)......

2.      My attorney failed to provide me with reasonable, professional assistance by doing or not doing the following actions during the termination of parental rights proceedings: (use whatever space is necessary to explain your claims)

_____
_____
_____
_____
_____
_____
_____

Comment: The phrase "termination of parental rights proceedings" is not limited to the termination of parental rights trial.

3.      My attorney's actions or inactions prejudiced my case to such an extent that my parental rights would not have been terminated because: (use whatever space is necessary to explain your claims)

_____
_____
_____
_____
_____
_____
_____

WHEREFORE, I request that the court enter an order granting this motion, vacating the order terminating parental rights, and providing any other relief the court deems proper.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that punishment for knowingly making a false statement includes fines and/or imprisonment.

_____

(Your signature)


       I certify that a copy of this document was .....(mailed, faxed and mailed, hand delivered, or e-mailed)..... to the person(s) listed below on .....(date)..... or was not delivered to the person(s) listed below because ...........

List each party or the party's attorney who you served:

Name: ..........
Address: ..........
Telephone Number: ..........
Fax Number: ..........
E-mail Address: ..........


_____

(Your signature)

# FORM 8.9832.    ORDER ON MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS

ORDER ON MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS

THIS CAUSE came before this court on .....(date)..... on the Motion Claiming Ineffective Assistance of Counsel after Order Terminating Parental Rights filed by .....(name)...... Present before the court were:

.....    .....(Name)....., Moving Parent
.....    .....(Name)....., Attorney for Moving Parent
.....    .....(Name)....., Trial Attorney for Moving Parent
.....    .....(Name)....., Attorney for the department
.....    .....(Name)....., Department caseworker
.....    .....(Name)....., Child
.....    .....(Name)....., Attorney for Child
.....    .....(Name)....., Mother
.....    .....(Name)....., Attorney for mother
.....    .....(Name)....., Father of .....(child).....
.....    .....(Name)....., Attorney for father
.....    .....(Name)....., Guardian ad litem
.....    .....(Name)....., Attorney for guardian ad litem
.....    .....(Name)....., Legal custodian
.....    .....(Name)....., Attorney for legal custodian
.....    .....(Name)....., Other ..........

Comment: Complete the following section if the court denies the motion without a hearing.

The court has carefully considered the motion and reviewed all necessary documents. The court finds that the motion should be denied without a hearing because:

.....    The motion is untimely.

1.    The order terminating parental rights was entered on .....(date)......

2.    The moving parent filed the motion claiming ineffective assistance of counsel on .....(date)......

3.    Therefore, the moving parent filed the motion past the 20-day time limitation.

.....    The motion is insufficient as alleged. The court finds that the moving parent failed to allege specific facts that, if taken as true, would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional

- 35 -

assistance, and that any errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated. Specifically the court finds: .....(findings)......

Comment: Complete the following section if the court finds that the motion is insufficient and directs the moving parent to file an amended motion.

The court has carefully considered the motion and reviewed all necessary documents.

..... The motion is insufficient as alleged. The court finds that the moving parent failed to allege specific facts that would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and that any errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated. Specifically the court finds: .....(findings)..... However, the court finds that the moving parent should be provided the opportunity to file an amended motion.

Comment: Complete the following section if the court previously found that the motion was insufficient, directed the moving parent to file an amended motion, and the parent failed to file an amended motion within the time permitted.

The court previously carefully considered the motion and reviewed all necessary documents.

..... On .....(date)....., the court found the motion is insufficient as alleged. The court found that the moving parent failed to allege specific facts that would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and that any errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated. Specifically the court found: .....(findings)......

..... On .....(date)....., the court entered a written order providing the parent an opportunity to file an amended motion. The parent did not file an amended motion within 10 days of the date of the written order permitting amendment.

Comment: Complete the following section if the court hearing was conducted:

The court has carefully considered the motion, reviewed all necessary documents, and having heard argument of counsel and testimony, the court finds:

..... The motion is granted because the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated. Specifically the court finds: .....(findings)......

..... The motion is denied because the attorney during the termination of parental rights proceedings did not fail to provide reasonable, professional assistance, or any errors or omissions that were made did not prejudice the moving parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated. Specifically, the court finds: .....(findings)......

THEREFORE, the court hereby ORDERS AND ADJUDGES THAT:

..... The motion claiming ineffective assistance of counsel is denied with prejudice.

..... The motion claiming ineffective assistance of counsel is insufficient as alleged. The moving parent may file an amended motion. Any amended motion shall be filed within 10 days of the date of this order or the court may summarily deny the motion.

..... The motion claiming ineffective assistance of counsel is granted. The order terminating parental rights entered on .....(date)..... is hereby vacated and set aside as to .....(name of moving parent)...... An adjudicatory hearing is hereby scheduled for .....(date (no later than 45 days from this order))....., and, as the court finds the parent is indigent, .....(name of counsel)..... is hereby appointed to represent .....(name of moving parent)..... in the termination of parental rights proceedings.

DONE AND ORDERED on .....(date)....., in .....(city and county)....., Florida.

_____
Circuit Judge

Copies to:

# FORM 8.984. ~~JUDGMENT OF VOLUNTARY TERMINATION OF~~<u>ORDER TERMINATING</u> PARENTAL RIGHTS <u>(VOLUNTARY)</u>

~~ADJUDICATORY ORDER AND FINAL JUDGMENT OF TERMINATION OF~~<u>ORDER TERMINATING</u> PARENTAL RIGHTS ~~AND GUARDIANSHIP~~<u>(VOLUNTARY)</u>

THIS CAUSE came before this court on ....~~.....~~(all dates of the adjudicatory hearing) ~~.......~~ for an adjudicatory hearing on the petition for termination of parental rights filed by ....~~.....~~(name).....~~...~~ Present before the court were:

<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Petitioner
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for the petitioner
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for the department
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Department/agency caseworker
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Child
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney/Attorney ad litem for Child
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Mother
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for mother
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Father of ....~~.....~~(child)~~.......~~...
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for father
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Guardian ad litem
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for guardian ad litem
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Legal custodian
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Attorney for legal custodian
<u>.....</u>     ....~~.....~~(Name)~~.......~~....., Other<u>:</u> ..........

~~—~~<u>.....</u>     The mother, ....~~.....~~(name)~~.......~~....., executed a voluntary surrender of her parental rights for the minor child(ren), ....~~.....~~(name(s))~~.......~~....., which is accepted by the court without objection.

COMMENT: Repeat the following as necessary.

~~—~~<u>.....</u>     The father, ....~~.....~~(name)~~.......~~....., executed a voluntary surrender of his parental rights for the minor child(ren), ....~~.....~~(name(s))~~.......~~....., which is accepted by the court without objection.

The court has carefully considered the testimony of witnesses, reviewed the exhibits, reviewed the file, heard argument of counsel, and considered recommendations and arguments of all parties. The court finds by clear and convincing evidence that the parents, ....~~.....~~(names)~~.......~~....., have surrendered their parental rights to the minor child(ren) under section 39.806(1)(a), Florida Statutes, and that termination of parental rights is in the manifest best interest<u>s</u> of the child(ren). The specific facts and findings supporting this decision are as follows:

1.     That the mother, ....~~.....~~(name)~~.......~~....., ....~~.....~~ was ....~~.....~~ was not personally served with the summons and the petition.

COMMENT: Service is not required if surrender was signed before filing of petition.

2.      That the father, ....——(name)——....., ....—— was ....—— was not personally served with the summons and the petition.

COMMENT: Service is not required if surrender was signed before filing of petition.

3.      That the parents were advised of their right to counsel in all prior dependency court proceedings which they attended. The mother has been represented by legal counsel, ....——(name)——....., starting on or about ....——(date)....—— The father has been represented by legal counsel, ....——(name)——....., starting on or about ....——(date)......——

4.      The mother, ....——(name)——....., freely, knowingly, voluntarily, and ....—— with .....—— without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on ....——(date)——....., for termination of her parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.

5.      The father, ....——(name)——....., freely, knowingly, voluntarily, and ....—— with .....—— without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on .....——(date)——....., for termination of his parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.

6.      That at all times relevant to this action the interests of this/these child(ren) has/have been represented by a guardian ad litem. The guardian ad litem, ....——(name)——....., .....—— agrees .....—— does not agree that it is in the best interest<u>s</u> of the child(ren) for parental rights to be terminated in this cause.

COMMENT: Guardian ad litem not required in voluntary surrender.

7.      Under the provisions of sections 39.810(1)–(11), Florida Statutes, it is in the manifest best interest<u>s</u> of the child(ren) for parental rights to be terminated for the following reasons:

(a)      Regarding any suitable permanency custody arrangement with a relative of the child<u>(ren)</u>, the court finds ..........<u>.</u>

(b)      Regarding the ability and disposition of the parent or parents to provide the child<u>(ren)</u> with food, clothing, medical care or other remedial care recognized and permitted under state law instead of medical care, and other materials needs of the child<u>(ren)</u>, the court finds ..........<u>.</u>

(c)      Regarding the capacity of the parent or parents to care for the child<u>(ren)</u> to the extent that the child<u>(ren)</u>'s safety, well-being, and physical, mental, and emotional health will not be endangered upon the child<u>(ren)</u>'s return home, the court finds ..........<u>.</u>

(d)     Regarding the present mental and physical health needs of the child(ren) and such future needs of the child(ren) to the extent that such future needs can be ascertained based on the present condition of the child(ren), the court finds ...........

(e)     Regarding the love, affection, and other emotional ties existing between the child(ren) and the child(ren)'s parent or parents, siblings, and other relatives, and the degree of harm to the child(ren) that would arise from the termination of parental rights and duties, the court finds ...........

(f)     Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child(ren), the court finds ...........

(g)     Regarding the child(ren)'s ability to form a significant relationship with a parental substitute and the likelihood that the child(ren) will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds ...........

(h)     Regarding the length of time that the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds ...........

(i)     Regarding the depth of the relationship existing between the child(ren) and present custodian, the court finds ...........

(j)     Regarding the reasonable preferences and wishes of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds ...........

(k)     Regarding the recommendations for the child(ren) provided by the child(ren)'s guardian ad litem or the legal representative, the court finds ...........

(*l*) Regarding other relevant factors including ..........., the court finds ...........

THEREFORE, it is ORDERED AND ADJUDGED that:

1.     The petition for termination of parental rights is GRANTED.

2.     The parental rights of the father, .......... (name).........., and of the mother, ..........(name).........., to the child(ren), ..........(name(s)).........., are hereby terminated under section 39.806(-..........-), Florida Statutes.

COMMENT: Repeat the above for each child and parent on petition.

3.     The child(ren), ..........(name(s)).........., is/are hereby placed in the permanent care and custody of ..........(agency name).......... for subsequent adoption.

4.      A hearing for the department to provide a plan for permanency for the child(ren) shall be held on ....……(date)……....., within 30 days of rendering of order, at ....……(time)……...

DONE AND ORDERED on ....……(date)……....., in .......... County, Florida.

_____
Circuit Judge

Copies ~~furnished~~ to:  ———

**NOTICE**

**Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (<u>signed and</u> filed). <u>A parent may have the right to a court-appointed attorney as provided by law.</u>**

**<u>Under Florida Rule of Juvenile Procedure 8.530, a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order terminating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-appointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, but the parent may independently obtain an attorney to represent the parent in the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney's representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated.</u>**

**RULE 9.146.    APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a) – (b)**    [no change]

**(c)    Stay of Proceedings.**

**(1)    Application.** Except as provided by general law and in subdivision (c)(2) of this rule, a party seeking to stay a final or ~~non-final~~nonfinal order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief, after considering the welfare and best interest of the child.

**(2)    Termination of Parental Rights.** The taking of an appeal shall not operate as a stay in any case unless pursuant to an order of the court or the lower tribunal, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Families for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.

**(d) – (h)**    [no change]

**(i)    Ineffective Assistance of Counsel for Parents Claims—Special Procedures and Time Limitations Applicable to Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims.**

**(1)    Applicability.** Subdivision (i) applies only to appeals to the district courts of appeal of orders in termination of parental rights proceedings involving a parent's claims of ineffective assistance of counsel.

**(2)    Rendition.** A motion claiming ineffective assistance of counsel filed in accordance with Florida Rule of Juvenile Procedure 8.530 shall toll rendition of the order terminating parental rights under Florida Rule of Appellate Procedure 9.020 until the lower tribunal files a signed written order on the motion, except as provided by Florida Rules of Juvenile Procedure 8.530.

**(3) Scope of Review.** Any appeal from an order denying a motion alleging the ineffective assistance of counsel must be raised and addressed within an appeal from the order terminating parental rights.

**(4) Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal.** If an appeal is pending, a parent may file a motion claiming ineffective assistance of counsel pursuant to Florida Rule of Juvenile Procedure 8.530 if the filing occurs within 20 days of rendition of the order terminating parental rights.

**(A) Stay of Appellate Proceeding.** A parent or counsel appointed pursuant to Florida Rule of Juvenile Procedure 8.530 shall file a notice of a timely-filed, pending motion claiming ineffective assistance of counsel. The notice automatically stays the appeal until the lower tribunal renders an order disposing of the motion.

**(B) Supplemental Record; Transcripts of Proceedings.** The appellant shall file a second designation to the court reporter, including the name(s) of the individual court reporter(s). The appellant shall serve the designation on the court reporter on the date of filing and shall state that the appeal is from an order of termination of parental rights, and that the court reporter shall provide the transcript of the hearing on the motion claiming ineffective assistance of counsel within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the transcript and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration. If extraordinary reasons prevent the reporter from preparing the transcript within the 20 days, the reporter shall request an extension of time, state the number of additional days requested, and state the extraordinary reasons that would justify the extension.

**(C) Duties of the Clerk, Preparation and Transmittal of Supplemental Record.** If the clerk of circuit court has already transmitted the record on appeal of the order terminating parental rights, the clerk shall automatically supplement the record on appeal with any motion pursuant to Florida Rule of Juvenile Procedure 8.530, the resulting order, and the transcript from the hearing on the motion. The clerk shall electronically transmit the supplement to the court and serve the parties within 5 days of the filing of the order ruling on the motion, or within 5 days of filing of the transcript from the hearing on the motion by the designated court reporter, whichever is later.

## Committee Notes

[no change]